———o———

No. 6452.

## SOUTHSIDE PLANTATION COMPANY vs. ALBERT FABACHER.

### Syllabus.

1. Commutative contracts are those in which what is done, given or promised by one party is considered as equivalent to, or a consideration for, what is done, given or promised by the other.   C. C., 1768.

2. A contract containing mutual covenants shall be presumed to be commutative unless the contrary be expressed.   C. C., 1770.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 112,073.   Honorable G. H. Theard, Judge.

A. W. Cooper, for plaintiff and appellee.

E. M. Cahn, for defendant and appellant.

· His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a landlord's action to expel a tenant for failure to comply with the obligations of his lease.

It is brought under the provisions of Act 313 of 1908, p. 479.

The default of which the plaintiff complains is defend- ant's neglect after repeated demands upon him to "erect, maintain and keep in repair" a certain barbed wire fence around the leased premises.

It is claimed that this is no "breach of the lease" within the meaning of the aforesaid act; but merely the breach of a stipulation which though contained in the lease is "no part of the contract of lease in a legal sense," because (it is alleged) this stipulation was a part of the consideration of the lease.

The contention has no legal foundation. The Civil Code provides that: "Commutative contracts are those in which what is done, given or promised by one party, is considered as equivalent to, or a consideration for what is done, given or promised by the other," **C. C., 1768**; and again, "A contract containing mutual covenants shall be presumed to be commutative, unless the contrary be expressed." **C. C., 1770.**

.On the other hand, "independent contracts are those in which the mutual acts have no relation to each other either as equivalents, or as consideration." **C. C., 1769.**

And the further effort is therefore made to class the stipulation herein under consideration, as an independent undertaking, upon the ground contemporaneously with, or just after, the execution of the contract, a clause was added providing that in consideration of a modification of its terms, to-wit, allowing three stands of wire, in-

stead of four, the tenant bound himself to answer for the damage that might be caused by cattle breaking through the fence.

Certainly the undertaking to pay such damages in consideration of the modification introduced into the lease might be considered an **independent** contract. But we do not see how this has any bearing upon the obligation to erect and maintain the fence in accordance with the main contract as modified.

The defendant's exceptions were therefore without merit and were properly overruled.

## On The Merits.

The evidence is somewhat conflicting, but on the whole the fair preponderance thereof is, that after a first patching up of the old fence which stood there at the time the lease was made, it was neglected and allowed to fall into a condition of dilapidation such as permitted cattle to roam in and out at will.

The trial Judge so found; and we concur in his finding.

Judgment affirmed.

Opinion and decree, June 30th, 1915.